*445 OPINION.
Phillips:
The petitioner claimed as a deduction salaries paid to its two principal officers in the amount of $36,000. The Commissioner disallowed $8,374.10 as excessive. The salary paid was authorized by the directors prior to the beginning of the taxable year.
While the salaries paid by the petitioner to its officers were large, they do not appear to be excessive when consideration is given to the character of the services performed and their importance to the corporation. These officers were required to devote substantially all of their waking hours, seven days a week, to the business. Not only did they so manage the restaurant in the face of labor troubles and the loss of revenue from its bar that it survived when its competitors were forced "to close; they show a profit of $11.50 per share on the capital stock. Furthermore, the amount paid is the same as was allowed by the Commissioner in the previous year and, in view of all the circumstances, we see no good reason why it should be regarded as excessive for 1920. We therefore reverse the action of the Commissioner with respect to the disallowance of the portion of this salary in issue.
The issue raised with reference to the reduction of invested capital by additional taxes for 1919 prorated from their due date must be decided adversely to the taxpayer under the provisions of section 1207 of the Revenue Act of 1926. See Appeal of Russel Wheel & Foundry Co., 3 B. T. A. 1168. It appears further that the Commissioner has reduced invested capital for 1920 by an additional tax for .1918 determined by him but not yet assessed and which is the subject of another proceeding before the Board. At the time the hearing was had in this appeal, this second proceeding was not yet at issue, no motion was made to postpone the consideration of the present hearing until the two proceedings could be consolidated, nor was any evidence offered with respect to the tax liability for the prior year. The presumption is in favor of the correctness of the Commissioner’s determination and a showing merely that the tax liability is in dispute is insufficient to enable the Board to determine affirmatively that there is any error in the Commissioner’s computation.
*446 The third issue involves the reduction of invested capital by reason of the payment of a dividend during the taxable year. In determining how much of such dividend was paid from earnings of the current year and how much from surplus accumulated in prior years, the Commissioner reduced the earnings of the current year by a tentative income and profits tax thereon. Upon the ground that the income and profits tax does not accrue and become a liability from day to day, the Board decided, in the Appeal of L. S. Ayers & Co., 1 B. T. A. 1135, that earnings of the current year to the date of declaration of the dividend were not to be reduced by such a tentative tax in determining what portion of dividends were paid from such earnings. The question hero involved is controlled by that decision.

Decision will he entered on W days' notice, wider Rule 50.